IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 15, 2018 Session

**LEROY SEXTON v. STATE OF TENNESSEE**

**IN RE:  DR. WILLIAM DIEBOLD**

**Appeal from the Criminal Court for Fentress County**
No. 9493      E. Shayne Sexton, Judge

_____

**No. M2017-00698-CCA-WR-CO**

_____

Dr. William Diebold seeks review of the post-conviction court's denial of his motion to quash a judicial subpoena compelling him to testify at a hearing on behalf of the Petitioner, who is seeking post-conviction relief in an underlying criminal case.  Dr. Diebold, a practicing physician, contends that he is exempt from subpoena to the hearing but subject to subpoena to a deposition pursuant to Tennessee Code Annotated section 24-9-101.  Based upon the oral arguments, the record, and the parties' briefs, we agree with Dr. Diebold that he is statutorily exempt from subpoena to the hearing but subject to subpoena to a deposition.  Therefore, the post-conviction court erred by failing to grant Dr. Diebold's motion to quash.  Accordingly, the judgment of the post-conviction court is reversed, and the motion to quash is granted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Tony Seaton, Johnson City, Tennessee, for William C. Diebold, M.D.

Thomas Harding Potter, Jamestown, Tennessee, for the appellee, Leroy Sexton.

**OPINION**

**I.  Factual Background**

A Fentress County Criminal Court Jury convicted the Petitioner of one count of rape of a child committed on June 28, 2000, and the trial court sentenced him to twenty-five years in confinement.  State v. Leroy Sexton, No. M2004-03076-CCA-R3-CD, 2007

WL 92352, at *1 (Tenn. Crim. App. at Nashville, Jan. 12, 2007), perm. app. denied, (Tenn. May 14, 2007). On direct appeal of his conviction, the Petitioner argued that he received the ineffective assistance of counsel at trial and that the prosecutor committed prosecutorial misconduct during closing arguments. Id. This court affirmed the Petitioner's conviction, and our supreme court denied his Rule 11 application for permission to appeal. Id.

On November 6, 2008, the Petitioner filed a pro se petition for post-conviction relief. He raised various issues, including that he was denied a fair and impartial jury, that he received the ineffective assistance of counsel, that he was denied his right to present evidence, that the State failed to preserve evidence potentially favorable to the defense, that the prosecutor made improper statements, that the prosecutor led a witness, and that the evidence was insufficient to support the conviction. Leroy Sexton v. State, M2009-01018-CCA-R3-PC, 2010 WL 653007, at *1 (Tenn. Crim. App. at Nashville, Feb. 24, 2010), perm. app. denied, (Tenn. Aug. 25, 2010). On February 11, 2009, the post-conviction court summarily dismissed the petition on the basis that the one-year statute of limitations for filing the petition had expired and because the grounds alleged in the petition had been previously determined or were waived for failing to present them in an earlier proceeding. Id. This court affirmed the denial of the petition. Id.

At some point, the Petitioner filed a second petition for post-conviction relief in which he claimed that drugs prescribed to him in prison caused him to be mentally incompetent, which resulted in his filing his first petition outside the statute of limitations. According to Dr. Diebold's appellate brief, the Petitioner then issued a subpoena compelling Dr. Diebold, a psychiatrist who treated the Petitioner in prison, to testify about the Petitioner's mental competence during the statute of limitations period. The appellate brief also alleges that "Dr. Diebold and the [Petitioner] originally agreed that Dr. Diebold's testimony could be procured through deposition. However, the trial court ordered the [Petitioner] to issue a subpoena compelling Dr. Diebold to provide in court testimony." physThe subpoena was issued on October 20, 2016.

On November 28, 2016, Dr. Diebold filed a motion to quash the subpoena, arguing that as a full-time practicing physician, he was exempt from subpoena to trial pursuant to Tennessee Code Annotated section 24-9-101. In the motion, Dr. Diebold stated that he informed the Petitioner's counsel that he was "ready, willing and able to provide a deposition upon reasonable notice pursuant to the statute." The Petitioner filed a response to the motion to quash, arguing that "to carry [the Petitioner's] burden of proof of his mental incompetence during the subject period, it is necessary for Dr. Diebold to testify in court and in the presence (face to face) of the petitioner." The Petitioner further argued that Dr. Diebold's testimony at the hearing was required because "[t]he petitioner states emphatically that he cannot attend any deposition in any form due to his

incarceration in Hardeman County Corrections Facility in the Western Division of the state." The post-conviction court filed an order concluding that "Tennessee Code Annotated [24-9-101] only applies to civil proceedings and specifically does not apply to any criminal proceeding" and that "the Compulsory Process clause of the Sixth Amendment to the United States Constitution allows defendants in criminal cases to secure witnesses in their favor through the issuance of a court-ordered subpoena." Nevertheless, the court agreed to hear arguments on the motion on January 30, 2017.

At the hearing, counsel for Dr. Diebold argued that State v. Connie Easterly, No. M2000-00077-CCA-R10-CO, 2001 WL 208514 (Tenn. Crim. App. at Nashville, Mar. 1, 2001), was "very clear" in that Tennessee Code Annotated 24-9-101 applied to criminal cases and that "[y]ou have to go through the deposition process." Counsel for the Petitioner argued that the facts in Connie Easterly were distinguishable from the present case. In particular, Connie Easterly was on bond while awaiting trial; therefore, she could attend a deposition. The post-conviction court stated that the statute at issue was "applicable and . . . good law" but questioned how a prison inmate could attend and effectively confront a witness at a deposition. The court then stated as follows:

> There is no provision that I know of to have a prisoner taken out of State custody and taken -- in fact, I think there's a statute that says you can't. They could -- they are not permitted to attend depositions while they are in State custody. I might be wrong about that, but I'm thinking I've read somewhere in the boughs of my brain that there is something that states a State inmate is not permitted to be -- to leave the prison system for purposes of the taking or of submitting to a deposition. I don't know.

The post-conviction court refused to grant Dr. Diebold's motion to quash the subpoena. However, in an attempt to resolve "the predicament," the court authorized the funds for a deposition if the Petitioner would waive his right to attend the deposition. The Petitioner refused to waive his right to attend.

The post-conviction court granted Dr. Diebold's request for an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. This court held that "a Rule 9 appeal is not available to Dr. Diebold, who is not a party to the underlying criminal proceeding." See Tenn. R. App. P. 9(g). This court suggested, though, that "this matter might be appropriate for review pursuant to a writ of certiorari" pursuant to Tennessee Code Annotated section 27-8-101 and "decided to grant Dr. Diebold and the parties the opportunity to present their positions on whether the underlying issue regarding the trial court's order denying the motion to quash the subpoena is appropriately suited for review

by way of a writ of certiorari." Subsequently, Dr. Diebold sought certiorari review under Tennessee Code Annotated section 27-8-101, which this court granted.

## II. Analysis

On appeal, Dr. Diebold maintains that as a practicing physician, he is exempt from subpoena to trial pursuant to Tennessee Code Annotated section 24-9-101 and that the statutory exemption applies to criminal proceedings pursuant to Connie Easterly so that his testimony may be procured by deposition. The Petitioner argues that this case is distinguishable from Connie Easterly in that the defendant in that case was on bond and available to attend a deposition. He also argues that exempting Dr. Diebold from subpoena to trial would violate due process because it would deny him "a reasonable opportunity to obtain otherwise privileged in-court, face to face testimony."

The right to compulsory process for obtaining evidence in a defendant's favor is provided by the Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution. Moreover, because the rights guaranteed by the Sixth Amendment, including the right to compulsory process, "are basic to our adversary system of criminal justice, they are part of the 'due process of law' that is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States." Faretta v. California, 422 U.S. 806, 818 (1975); see also Washington v. Texas, 388 U.S. 14, 18-19 (1967). In Washington, the Supreme Court explained the integral role of a defendant's right to compulsory process in securing justice:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

388 U.S. at 19.

Our Code also contains a statutory right to compulsory process, stating, "As provided by the Constitution of Tennessee, the accused, in all criminal prosecutions, has a right to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in the accused's favor." Tenn. Code Ann. § 40-17-105. Consistent with this right, our Code generally directs the clerks of courts in which criminal cases are pending

- 4 -

to issue subpoenas "at any time, to any part of the state, for such witnesses as either the district attorney general or the defendant may require." Tenn. Code Ann. § 40-17-107(a); see Tenn. R. Crim. P. 17(a).

We note that a criminal defendant's right to compulsory process is not absolute in that the United States Constitution only prohibits a state from denying a defendant the ability to present testimony that is "'relevant and material, and . . . vital to the defense.'" United States v. Valenzuela Bernal, 458 U.S. 858, 867 (1982) (quoting Washington, 388 U.S. at 16). Therefore, "a court has the power and the duty to prevent abuse of its process by abating subpoenas for witnesses whose testimony would be immaterial." State v. Womack, 591 S.W.2d 437, 443 (Tenn. Crim. App. 1979). In reviewing whether a trial court abused its exercise of power and duty to prevent abuse of its process, we apply an abuse of discretion standard. Connie Easterly, No. M2000-00077-CCA-R10-CO, 2001 WL 208514, at *7.

Our supreme court has held that one of the due process bases for tolling the statute of limitations involves "prisoners whose mental incompetence prevents them from complying with the statute's deadline." Whitehead v. State, 402 S.W.3d 615, 624 (Tenn. 2013). Here, the statute of limitations began to run on May 14, 2007, when the Tennessee Supreme Court denied the Petitioner's application to appeal, and Dr. Diebold acknowledges treating the Petitioner for at least part of the one-year statute of limitations period. Moreover, Dr. Diebold does not claim that his testimony would be irrelevant or immaterial to the Petitioner's argument that the statute of limitations should be tolled. Instead, he contends that he is statutorily exempt from giving live testimony at the post-conviction hearing and that his testimony must be taken at a deposition.

The statute at issue, Tennessee Code Annotated section 24-9-101, provides that certain deponents are exempt from subpoena to trial but are subject to a deposition. Those exempt deponents include "[a] practicing physician, physician assistant, advanced practice registered nurse, psychologist, senior psychological examiner, chiropractor, dentist or attorney." Tenn. Code Ann. § 24-9-101(a)(6).

In Connie Easterly, the defendant issued subpoenas to two statutorily-exempted deponents, requiring their testimony at her trial. No. M2000-00077-CCA-R10-CO, 2001 WL 208514, at *3. The State filed a motion to quash the subpoenas, and the trial court denied the motion. Id. at *4. On appeal, this court concluded that because the defendant did not object to taking the exempted deponents' testimonies by deposition, the trial court, "at a minimum, . . . erred in failing to modify the subpoenas to require the officers' attendance at depositions." Id. Moreover, this court inherently concluded that a subpoena to a deposition for the taking of material testimony satisfied the defendant's right to compulsory process. See id. at *9. Therefore, we conclude that the post-

conviction court erred in this case when it determined that Tennessee Code Annotated section 29-4-101(a)(6) did not apply in criminal cases. We also conclude that securing Dr. Diebold's testimony through the issuance of a court-ordered subpoena to a deposition does not offend the Petitioner's right to compulsory process.

The Petitioner claims that he has a right to obtain Dr. Diebold's "in-court, face to face testimony." In denying Dr. Diebold's motion to quash the subpoena to trial, the post-conviction court was concerned that the Petitioner could not leave prison to attend a deposition. On appeal, Dr. Diebold responds that Tennessee Rule of Criminal Procedure 15 specifically provides for the presence of an incarcerated defendant at a deposition unless the defendant waives his right to be present in writing. See Tenn. R. Crim. P. 15(c) (providing that "[t]he officer who has custody of a defendant shall produce the defendant at the deposition and keep the defendant in the witness's presence during the examination unless . . . the defendant waives in writing the right to be present"). However, the Tennessee Rules of Criminal Procedure generally do not apply to post-conviction proceedings. Tenn. Sup. Ct. R. 28, § 3(B). Regardless, we see no reason why the Petitioner cannot participate in Dr. Diebold's deposition via telephone, video, or some other media. Therefore, the Petitioner's inability to leave prison to attend a deposition is not sufficient justification for denying Dr. Diebold's motion to quash.

To the extent the Petitioner is claiming that his inability to confront Dr. Diebold face-to-face violates his right to confrontation, the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him," and Article I, Section 9 of the Tennessee Constitution provides that "in all criminal prosecutions, the accused hath the right to . . . meet the witnesses face to face." However, as this court has explained,

> the Confrontation Clause specifically applies to criminal prosecutions and gives a citizen the right to confront his or her accusers. A post-conviction proceeding is not a criminal prosecution, and trial counsel was in no way an "accuser." If anything, a petitioner is the accuser in a post-conviction proceeding.

Willis Holloway v. State, No. W2014-02444-CCA-R3-PC, 2015 WL 6122155, at *2 (Tenn. Crim. App. at Jackson, Oct. 16, 2015). Likewise, this post-conviction case is not a criminal prosecution, and Dr. Diebold is not an accuser in the proceeding. Accordingly, securing Dr. Diebold's testimony through the issuance of a court-ordered subpoena to a deposition does not offend the Petitioner's constitutional right to confrontation.

### III. Conclusion

For the foregoing reasons, the post-conviction court's order denying Dr. Diebold's motion to quash is reversed.  The order subpoenaing Dr. Diebold to testify at a hearing shall be modified to require his attendance at a deposition.

_____
NORMA MCGEE OGLE, JUDGE